JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 21-02448 PA (MAAx) | Date | March 30, 2021 |
|---|---|---|---|
| Title | James F. Rachal, Jr. v. ELG Metals, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant ELG Metals, Inc. ("Defendant"). (Dkt. No. 1 ("Removal").) Defendant asserts this Court has jurisdiction over the action brought against it by plaintiff James F. Rachal, Jr. ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. On March 22, 2021, the Court ordered Plaintiff to show cause, in writing, why this case should not be remanded for lack of subject matter jurisdiction because Defendant failed to show that complete diversity exists between the parties. (Dkt. No. 10.) In particular, the Court noted that Defendant failed to adequately allege Plaintiff's citizenship. Defendant responded to the Court's Order on March 29, 2021. (Dkt. No. 11.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must show by a preponderance of the evidence that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

In an effort to establish the Court's diversity jurisdiction, Defendant's Notice of Removal alleges "Plaintiff was employed by Defendant in South Gate, California, and his personnel file indicates a

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02448 PA (MAAx) | Date | March 30, 2021 |
|---|---|---|---|
| Title | James F. Rachal, Jr. v. ELG Metals, Inc. | | |

California home address. . . . Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal." (Removal ¶ 12.)  As alleged in Plaintiffs' Complaint, Plaintiff was employed by Defendant from 2003 to March 2020. (Compl. ¶ 3.)  Following Defendant's Notice of Removal, the Court issued an Order to Show Cause why this case should not be remanded for lack of subject matter jurisdiction.  The Court noted that Plaintiff has not worked for Defendant for over one year, and the Court was not persuaded that Plaintiff's personnel records from one year ago adequately reflect Plaintiff's current citizenship.

      In his declaration in response to the Court's Order to Show Cause, Defendant's attorney states his paralegal performed a Westlaw search of Plaintiff's current whereabouts, which show Plaintiff currently resides in California.  However, because an individual is not necessarily domiciled where he or she resides, Defendant's allegations concerning the citizenship of Plaintiff, based on Plaintiff's current residence, are insufficient to establish Plaintiff's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

      For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action.  Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 20STCV45861, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.